IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

M.A.C.,

    Plaintiff,

v.

MONICA GILDNER, et al.,

    Defendants.

Case No. 2:20-CV-02226-HLT-KGG

## ORDER

M.A.C. has sued three employees of the Kansas Department of Children and Families. Doc. 1. Although M.A.C. is now an adult, the events at issue apparently took place when she was a child. Although all Defendants are named in the complaint, M.A.C. and all of her family members or family friends are referenced only by initials or pseudonyms. M.A.C. has not sought leave to proceed in this fashion.

The Federal Rules of Civil Procedure require that pleadings include the names of all parties, and that actions be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a). "The Federal Rules thus make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). Instead, a party who wishes to file anonymously or proceed under a pseudonym must first petition the district court for permission. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). If a party does not have permission, a federal court lacks jurisdiction over the unnamed parties. *Id.*; *see also L.E.H. v. Kan. Dep't of Children & Families*, 2018 WL 1256513, at *1 (D. Kan. 2018). And because this issue is jurisdictional, a court may raise it sua sponte. *Nat'l Commodity*, 886 F.2d at 1245 n.3.

Here, M.A.C. has not requested to proceed under a pseudonym.[1] Accordingly, this Court lacks jurisdiction and must dismiss this case without prejudice. Upon re-filing, Plaintiff is cautioned that she must first request permission to proceed anonymously, if she wishes to do so. Any such requests will be evaluated using the standards set forth by this district and the Tenth Circuit. *See Doe 1 v. Unified Sch. Dist. 331*, 2013 WL 1624823, at *1 (D. Kan. 2013) (noting that proceeding under a pseudonym is permitted in "exceptional circumstances . . . where disclosure of plaintiff's name would implicate significant privacy interests or threats of physical harm").

THE COURT THEREFORE ORDERS that M.A.C.'s complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

IT IS SO ORDERED.

Dated: May 6, 2020            /s/ *Holly L. Teeter*
                              HOLLY L. TEETER
                              UNITED STATES DISTRICT JUDGE

---

[1] This is somewhat surprising given that M.A.C.'s attorney is counsel of record in at least two related cases where this same issue was addressed. In one case, the plaintiffs were ordered to show cause on this issue and then later requested leave to proceed anonymously. *See E.M.M., N.M.M., and G.J.M. v. Douglas Cty., Colo.*, Case No. 18-2616 (D. Colo. 2018) (Doc. 4, ordering the plaintiffs to show cause, and Doc. 5, subsequent motion). In another case, which was initially filed in Colorado and then transferred to Kansas, the plaintiff moved to proceed anonymously. *See N.E.L. & M.M.A. v. Douglas Cty., Colo.*, No. 15-2847 (D. Colo. 2016) (Doc. 9, motion to proceed anonymously).